UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAIRUS CHEGERO GODEKA,

    Petitioner,

v.

OREGON STATE HOSPITAL,
Delores Matteucci-Superintendent,

    Respondent.

_____

Case No. 6:25-cv-01515-AA

**OPINION AND ORDER**

AIKEN, District Judge.

    Petitioner brings this federal habeas Petition pursuant to 28 U.S.C. § 2254 challenging his 1998 state court convictions on grounds that his counsel rendered ineffective assistance. Respondent argues that the Petition should be denied because Petitioner's claims are untimely and barred from review through procedural default. As explained below, Petitioner did not file

1 -    OPINION AND ORDER

his § 2254 Petition within the one-year statute of limitations and his claims are unexhausted and barred from federal review. Accordingly, the Petition is denied.

## BACKGROUND

On October 3, 1996, Petitioner was charged with numerous criminal offenses, including Attempted Aggravated Murder, Kidnapping in the First Degree, Arson in the First Degree, Assault in the First Degree with a Firearm, Assault in the Second Degree with a Firearm, Burglary in the First Degree, and Intimidation in the Second Degree. Resp't Ex. 102. The charges arose after Petitioner entered the Church of Scientology in Portland, shot four people, and attempted to set fire to the church. Resp't Ex. 114 at 2.

On April 2, 1998, after a stipulated facts trial, the trial court found Petitioner guilty except for insanity on all charges and remanded Petitioner to the supervision of the Psychiatric Security Review Board (PSRB) for 120 years, or six consecutive 20-year sentences. Resp't Exs. 101, 103. Petitioner did not appeal his conviction or sentence.

In June 2005, Petitioner obtained a conditional release. Resp't Ex. 114 at 1. In early 2021, the PSRB revoked Petitioner's release after finding that Petitioner violated the terms of his conditional release. Resp't Ex. 114 at 2-3, 8.

On April 1, 2022, Petitioner sought post-conviction relief (PCR) in state court and alleged claims of ineffective assistance of counsel and due process violations. Resp't Exs. 105-06. The State moved for summary judgment on grounds that the PCR petition was not filed within the applicable two-year statute of limitations. Resp't Ex. 116; Or. Rev. Stat. § 138.510(3). On March 20, 2023, the PCR court granted the motion and dismissed the PCR petition. Resp't Ex. 119. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 125-26.

2 -     OPINION AND ORDER

On August 20, 2025, Petitioner signed the federal habeas initiating this action.

## DISCUSSION

Respondent argues that the Petition is untimely because Petitioner did not pursue federal habeas relief within one year after his convictions became final. Alternatively, Respondent contends that Petitioner's claims are procedurally barred from federal review.

Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, when direct review proceedings have concluded. *Id.* § 2244(d)(l)(A). The limitations period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The trial court entered judgment in Petitioner's criminal case on April 2, 1998, and Petitioner did not appeal. Accordingly, Petitioner's conviction became final and the statute of limitations began to run on May 1, 1998, after the thirty-day period for filing an appeal expired. Or. Rev. Stat. § 138.071(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a conviction becomes "final" for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review" expires).

Petitioner did not seek PCR relief until 2019, more than twenty years after his conviction became final. Even then, Petitioner's PCR proceeding did not toll the statute of limitations, because his untimely PCR petition was not "properly filed" under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 410, 415 (2005) (holding that an untimely state post-

3 -     OPINION AND ORDER

conviction petition is not "properly filed" within the meaning of § 2242(d)(2)). Accordingly, almost twenty-seven years elapsed between May 1, 1998, the date on which Petitioner's conviction became final, and April 20, 2025, the date on which he filed his federal habeas Petition. Thus, the Petition is untimely and barred from federal review.

Petitioner did not file a supporting brief and provides no basis to support equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that equitable tolling is available only if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). Even if Petitioner could overcome the untimeliness of his Petition, his claims are also barred from review through procedural default.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In order to exhaust state remedies, a petitioner must fairly present his federal constitutional claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314

4 -    OPINION AND ORDER

F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451(2000); *Coleman*, 501 U.S. at 750.

Petitioner did not appeal his conviction, and his PCR petition was dismissed as untimely. As a result, Petitioner did not fairly present his federal habeas claims to Oregon's highest court in a manner that would allow their review on the merits. Petitioner provides no basis to excuse the default, and his claims are barred from federal review.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  2nd  day of March, 2026.

　　　　　　　　　　　　　　 /s/Ann Aiken
　　　　　　　　　　　　　　ANN AIKEN
　　　　　　　　　　　　United States District Judge

5 -　　OPINION AND ORDER